PER CURIAM:
*88 Claimants brought this action to recover damages to their vehicle which occurred on August 22,1992. ClaimantBrendaFemattwasdrivingtheclaimants’ 1987 Subaru proceeding south on 1-77 in Charleston, West Virginia. Claimants’ automobile struck an object in the road and sustained damages to the muffler and connector pipe in the amount of $90.86.
The evidence adduced at the hearing of this claim on February 17,1994, established that claimant Brenda Fematt and her family had been on a vacation and they were returning to their home in South Charleston, Kanawha County. She was driving on 1-77 when she drove into the curve at the intersection of 1-79, and she noticed an object in her lane of travel, she was unable to proceed into the right lane due to traffic, and she was unable to stop because of the traffic behind her. She drove over the object which appeared to be a large truck tire that was split. She was driving at approximately 65 miles per hour. When she drove her automobile over the tire in the highway, it caused damages to the automobile.
Respondent’s maintenance supervisor for the interstate in the Charleston area, Mancie Legg, testified that he maintains a daily diary and his diary does not reflect any telephone call to him from Charleston control about an object on the interstate on the date of claimant’s accident, which was on a Saturday. He was not aware of the hazard nor was he aware that it evidently was removed from the interstate by persons other than personnel of the respondent.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by an object on the highway, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action. As the respondent was not informed as to the object on the highway, the Court is of the opinion that claimants have not established negligence on the part of the respondent which was the proximate cause of the incident which caused the damages to their automobile.
Accordingly, this claim must be denied.
Claim disallowed.